IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MALIK YOUNGBLOOD, | § | |
| | § | No. 122, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1908012509 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 25, 2020
Decided: October 6, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>ORDER</u>

After careful consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, the State's response, and the record on appeal, it appears to the Court that:

(1)     On February 24, 2020, the appellant, Malik Youngblood, pleaded guilty to one count of possession of a firearm by a person prohibited ("PFBPP"), one count of drug dealing, and one count of endangering the welfare of a child.  The Superior Court immediately sentenced Youngblood as follows: on the PFBPP charge to fifteen years of Level V incarceration, suspended after the minimum mandatory of five years, followed by eighteen months of Level III probation; and on the drug dealing charge to ten years of Level V incarceration, suspended after the minimum

mandatory of two years, followed by decreasing levels of supervision. The Superior Court imposed a $200.00 fine for the endangering the welfare of a child charge. This is Youngblood's direct appeal.

(2)     Youngblood's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. Youngblood's attorney informed him of the provisions of Rule 26(c) and provided Youngblood with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Youngblood of his right to supplement his attorney's presentation. Youngblood has not raised any issues for the Court's consideration. The State has responded to the position taken by Youngblood's counsel and has moved to affirm the Superior Court's judgment.

(3)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could be arguably be raised on appeal. [1] Second, the Court must conduct its own review of the record and determine

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(4)    The Court has reviewed the record carefully and has concluded that Youngblood's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Youngblood's counsel has made a conscientious effort to examine the record and the law and has properly determined that Youngblood could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *Penson*, 488 U.S. at 81-82.